IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>ROBERT MOSS,<br><br>   Defendant. | CASE NO. 4:23-cr-91-2 |

**REPORT AND RECOMMENDATION**

Defendant Robert Moss filed a Motion to Dismiss 18 U.S.C. § 922(g)(1) Charge. Doc. 52. The Government filed a Response in Opposition. Doc. 59. The Court held a hearing on this and other motions on April 10, 2024. Doc. 73. For the following reasons, I **RECOMMEND** the Court **DENY** Defendant Moss's Motion to Dismiss.

Defendant is charged with possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Doc. 3. Section 922(g)(1) prohibits possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year. This crime is also known as "felon in possession of a firearm." See Doc. 52 at 1.

Defendant argues § 922(g)(1) is unconstitutional as applied to him. Doc. 52-1. Defendant highlights the United States Supreme Court's holding in N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen that firearm regulations must be "consistent with this Nation's historical tradition of firearm regulations" under the Second Amendment. 597 U.S. 1, 17 (2022). Defendant argues the Government must demonstrate § 922(g)(1) adheres to historical regulations or else the statute is unconstitutional as applied to Defendant and must be dismissed. Id. at 4.

Defendant cites United States v. Bullock, 679 F. Supp. 3d 501 (S.D. Miss. 2023), in which the court found § 922(g)(1) unconstitutional as applied. Id. at 537.

The Government opposes the dismissal of Defendant's § 922(g)(1) charge. Doc. 59. The Government argues there is no basis to find § 922(g)(1) unconstitutional because the Eleventh Circuit has held the statute is a constitutional restriction on a defendant's Second Amendment rights.

The Government is correct. The Eleventh Circuit held in United States v. Rozier § 922(g)(1) is a constitutional restriction on those with felony convictions. 598 F.3d 768, 771 (11th Cir. 2010). The Eleventh Circuit reaffirmed this holding just one day after Defendant Moss filed his Motion to Dismiss, holding the Supreme Court's ruling in Bruen did not abrogate Rozier. United States v. Dubois, 94 F.4th 1284, 1291–93 (11th Cir. 2024). The Court of Appeals rejected the defendant's constitutional challenges to § 922(g)(1)—which is identical to Defendant Moss's—noting the court would not reconsider the constitutionality of § 922(g)(1) unless the United States Supreme Court provides some "clearer instruction" requiring reconsideration. Id. at 1293. At the hearing on this Motion, counsel for Defendant conceded this Court is bound by the Eleventh Circuit's decisions in Rozier and Dubois. Accordingly, Defendant's Motion to Dismiss is due to be denied.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss 18 U.S.C. § 922(g)(1) Charge.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA