# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT MOSS,<br><br>Defendant. | CASE NO.: 4:23-cr-91 |

## ORDER

The Magistrate Judge issued three Reports and Recommendations, dkt. nos. 76, 77, and 78, recommending denial of Defendant's Motion to Dismiss 18 U.S.C. § 922(g)(1) Charge, dkt. no. 52, Defendant's Motion to Suppress DNA Warrant, dkt. no. 53, and Defendant's Motion to Dismiss Indictment, dkt. no. 51. Defendant filed Objections to each of the Magistrate Judge's Reports and Recommendations. Dkt. Nos. 79, 80, 81. For the following reasons, the Court **OVERRULES** Defendant's Objections.

## DISCUSSION

**I.  Motion to Dismiss 18 U.S.C. § 922(g)(1) Objections**

Defendant moved for dismissal of the 18 U.S.C. § 922(g)(1) charge, arguing § 922(g)(1) is unconstitutional as applied to him. Dkt. No. 52. The Magistrate Judge recommended the Court deny this Motion to Dismiss because the Eleventh Circuit Court of Appeals has held § 922(g)(1) is a constitutional restriction on those with

felony convictions, like Defendant.  Dkt. No. 76.  Defendant objects, arguing the relevant Eleventh Circuit decisions, United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), and United States v. Dubois, 94 F.4th 1284 (11th Cir. 2024), were wrongly decided. Dkt. No. 79.  This Court is bound by the Eleventh Circuit's decisions Rozier and Dubois, and those cases plainly apply here. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **OVERRULES** Defendant's Objections, and **DENIES** Defendant's Motion to Dismiss 18 U.S.C. §922(g)(1) Charge, dkt no. 52.

II. **Motion to Suppress DNA Warrant Objections**

Defendant moved for suppression of evidence seized pursuant to a search warrant issued on June 14, 2023.  Dkt. No. 53. Defendant argued the affiant who applied for the warrant recklessly or deliberately omitted certain facts from the affidavit, and that if those facts had been included in the affidavit, the affidavit would not have supported probable cause.

The Magistrate Judge recommended the Court deny Defendant's Motion to Suppress because Defendant failed to make the required preliminary showings under Franks v. Delaware, 438 U.S. 154 (1978). Dkt. No. 77.  Specifically, the Magistrate Judge concluded Defendant failed to show the affiant who applied for the warrant acted deliberately or recklessly in omitting facts.  The Magistrate Judge also determined Defendant failed to show that inclusion of

2

the omitted facts would have invalidated probable cause. Id. at 8.

In his Objections, Defendant largely restates the same argument he raised in the initial motion, asserting the inclusion of an omitted fact would have changed the Court's probable cause analysis.[1] Dkt. No. 80. Defendant again argues the warrant's supporting affidavit omitted the fact that the victim in this case identified someone other than Defendant as his assailant, and that if that fact had been included the affidavit would not support probable cause. Id. at 2-3. Regarding the Report and Recommendation, Defendant specifically objects to the Magistrate Judge's conclusion that "Defendant Moss matched [the victim's] somewhat distinctive physical description of the assailant." Id. at 1.

To the extent Defendant's Objection is based on re-urging of the same argument presented to the Magistrate Judge, that argument fails. The Magistrate Judge's Report acknowledges the supporting affidavit omitted a material fact, namely the victim's statements related to identification of the assailant. However, the Magistrate Judge correctly concluded that even if this fact had been included, the affidavit would still support probable cause of the search. The supporting affidavit explained that Defendant's

---

[1] Defendant does not address the Magistrate Judge's conclusion regarding whether the affiant acted deliberately or recklessly in omitting facts.

3

cell phone was discovered at the crime scene and that Defendant matched the victim's description of the assailant. Defendant is correct the victim's "identification" of a different individual was omitted from the supporting affidavit. But the victim's statements were uncertain and equivocal, stating only that an individual the victim saw in a music video "might be" his assailant. Dkt. No. 62-2 at 2. The victim was not familiar with his assailant or the individual in the video. Even if the victim's uncertain and equivocal statements had been included in the affidavit, the other facts in the affidavit about Defendant's cell phone and the victim's description of the suspect would still support probable cause for the search.

Additionally, Defendant has not shown any error in the Magistrate Judge's conclusion that Defendant matched the victim's description of his assailant. The victim stated his assailant was "a very large black male similar in size to an NFL football linebacker with a small head." Dkt. No. 62-3 at 9. The affidavit explained Defendant's driver's license states is six feet tall, weighing 356 pounds. Id. at 9. Defendant contends "NFL linebackers typically weigh less than 260 pounds . . .," so the victim's description did not match Defendant.

Defendant's argument is unconvincing. The victim described the assailant as "a very large black male" and only stated the assailant's build was "similar" to a linebacker. There is no

4

indication the victim intended to use the linebacker comparison as a precise indicator of the assailant's weight. Instead, the victim described an assailant with a very large build, and, according to Defendant's license, Defendant had a very large build. Accordingly, Defendant has not shown any error in the Magistrate Judge's conclusion that "Defendant Moss matched the somewhat distinctive physical description of the assailant." Dkt. No. 77 at 8.

Ultimately, Defendant fails to show the warrant was invalid. The affidavit offered in support of the warrant explained Defendant's phone was found at the crime scene and Defendant matched the victim's description of the assailant. The addition of the omitted facts would not have changed the probable cause determination. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **OVERRULES** Defendant's Objections, and **DENIES** Defendant's Motion to Suppress DNA Warrant, dkt no. 53.

### III. Motion to Dismiss Indictment Objections

Defendant moved to dismiss the Indictment based on the Government's purported failure to provide information to the grand jury. Dkt. No. 51. The Magistrate Judge recommended the Court deny Defendant's Motion to Dismiss because Defendant failed to overcome the strong presumption that the grand jury's decision to indict was valid. Dkt. No. 78.

5

Defendant objects to the Magistrate Judge's recommendation contingent on the Court's ruling on Defendant's Objections related to his Motion to Suppress. Dkt. No. 81. Defendant contends the Indictment is invalid if the Court suppresses the DNA evidence. Defendant concedes his Objections as to the Motion to Dismiss are moot if the Court overrules his Objections as to the Motion to Suppress. Because the Court has overruled Defendant's Objections as to the Motion to Suppress and because Defendant raises no other arguments in support of this Objection, the Court the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **OVERRULES** Defendant's Objections, and **DENIES** Defendant's Motion to Dismiss Indictment, dkt no. 51.

## CONCLUSION

After an independent and de novo review of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendations as the opinion of the Court, **OVERRULES** Defendant's Objections, and **DENIES** Defendant's Motion to Dismiss Indictment, dkt. 51, Defendant's Motion to Dismiss the 18 U.S.C. 922(g)(1) charge, dkt. 52, and Defendant's Motion to Suppress DNA Warrant. Dkt. No. 53.

**SO ORDERED**, this ___26___ day of ___July___, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA