# In the United States District Court for the Southern District of Georgia Savannah Division

UNITED STATES OF AMERICA

    v.

ROBERT MOSS

    Defendant.

No. 4:23-CR-91

**ORDER**

    Defendant has indicated that he may raise Sixth Amendment Confrontation Clause concerns if his ability to cross-examine the Government's witness, Mr. Martin, is limited by proper invocation of Martin's Fifth Amendment rights. Dkt. No. 138. Although Defendant has not identified every possible area of cross-examination that might be encountered at trial—nor must he do so at this pretrial phase—the parties have identified at least four areas that Defendant may inquire about but about which Martin could not be compelled to answer. Dkt. No. 139.

    The Court is under the impression that the Government views Martin as a participant or unindicted conspirator as to Count I of the indictment alleging conspiracy with intent to distribute controlled substances. Nevertheless, the Government anticipates calling Mr. Martin to testify as to the identity of the other participants and a description of part of the facts leading up to

Count I. The Government concedes Martin cannot be compelled or cross-examined with regard to the reasons he met with the Defendant—which the Government contends was to sell drugs—or the content of the bag he brought with him—which the Government contends was controlled substances. Dkt. No. 135 at 6.

The parties are directed to brief the Sixth Amendment implications of restricting Martin's testimony in the manner contemplated by 4 p.m. on Friday, September 20, 2024.

**SO ORDERED,** this 19th day of September, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA